IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40915
_____

SILVIA D DAY,

Plaintiff-Appellant,

v.

EARTHGRAINS COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
Docket No. 3:98-CV-44
_____
February 28, 2000

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Silvia Day ("Day") appeals from the
district court's entry of summary judgment in favor of Defendant-
Appellant Earthgrains Company ("Earthgrains"). For the reasons
stated below, we AFFIRM.

Day began working for Earthgrains in June 1974. In June
1995, Day was diagnosed with breast cancer. Day went on medical
leave and underwent a double mastectomy that same month. She
returned to work in mid-October 1995, though she continued
chemotherapy treatment through December. At the end of her

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

chemotherapy, Day's doctors diagnosed her as being free from cancer.  When Day came back to work, she was returned to the same position, with the same salary and responsibilities.  Though she claims her doctors instructed her not to work more than eight hours a day, Day never demanded that Earthgrains place her on an eight-hour-a-day schedule, nor did Day produce any evidence that her doctors directed her to work such a schedule.

In August 1996, Earthgrains terminated Day's employment. Earthgrains claims that Day's termination was part of a nationwide reduction-in-force ("RIF") and that Day's performance rating was the lowest of any full-time clerical personnel.  Day claims that Earthgrains terminated her because of her disability, cancer.  Day subsequently filed suit, claiming that her termination violated the Americans with Disabilities Act ("ADA"), see 42 U.S.C. §§ 12101-12213, and Texas Labor Code § 21.051.[1] Earthgrains moved for summary judgment, and the United States Magistrate Judge assigned to the case recommended that the motion be granted.  Day filed objections to the magistrate's recommendations.  The district court, however, adopted the recommendations, granted Earthgrains' motion, and entered judgment against Day.  Day timely appeals.

We review a grant of summary judgment de novo, applying the

---

[1] Day's claims under the ADA and Texas Labor Code are identical.  In such a situation, Texas courts look to analogous federal case law under the ADA for guidance in applying the Texas code.  See Austin State Hosp. v. Kitchen, 903 S.W.2d 83, 87-88 (Tex. App. 1995, no writ).  Therefore, we apply the same analysis to both of Day's causes of action.

2

same standards as the district court.  See Chaney v. New Orleans Pub. Facility Management, Inc., 179 F.3d 164, 166 (5th Cir. 1999).   Summary judgment is proper when there is no "genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).   While we consider all factual issues in a light most favorable to the non-movant, see Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 725 (5th Cir. 1995), summary judgment is appropriate if the non-movant fails to set forth specific facts in support of her allegations, see Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

The district court granted summary judgment because it found that Day was not disabled as defined under the ADA.[2]  Under the ADA, a party is disabled if she a) has a physical or mental impairment that substantially limits a major life activity, or b) has a record of such an impairment, or c) is regarded as having such an impairment.  See 42 U.S.C. § 12102(2).  In her appellate brief, Day concedes that the United States Supreme Court's recent decision in Sutton v. United Air Lines, 119 S.Ct. 2139 (1999), effectively forecloses any argument that she is currently disabled.

---

[2] In its motion for summary judgment and in its appellate brief, Earthgrains argues that, even if Day was disabled, it had legitimate, nondiscriminatory reasons for terminating her employment.  The district court found that Day was not disabled, and therefore it never reached this issue.  Because we agree with the district court that Day is not disabled under the ADA, we will not address Earthgrains' alternative argument either.

Nonetheless, Day maintains that she is disabled under the ADA because her breast cancer caused her to have a record of a physical impairment that substantially limited a major life activity, and/or Earthgrains regarded her as having such an impairment.

We are unpersuaded by Day's argument. Day relies on our opinion in Equal Employment Opportunity Comm'n v. R.J. Gallagher Co., 181 F.3d 645 (5th Cir. 1999), to support her contention that she had a record of a physical impairment that substantially limited a major life activity. In Gallagher, we remanded a portion of the plaintiff's case to the district court after we determined that the district court had not sufficiently inquired into the issue of whether the plaintiff was substantially limited in a major life activity while undergoing treatment for cancer. See id. at 656.

Day contends that, as in Gallagher, the district court failed to consider her condition during treatment when determining whether she had a record of an impairment that substantially limited a major life activity. To the contrary, the district court expressly noted that Day's cancer limited a major life activity during her treatment, but because Day's limitation was of a temporary nature, it reasoned that any impairment during her treatment was insufficient to render her substantially limited in a major life activity. We agree.

Day's impairment during her treatment would render her disabled if it "substantially limited" her in a major life

4

activity.  The ADA's regulations list a number of factors to be considered in determining whether an impairment is "substantially limiting", including: "(1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long term impact ... of the impairment."  29 C.F.R. § 1630(j) (Appendix).  As we have recognized, a temporary, non-chronic impairment does not constitute a disabling impairment.  See Rogers v. Int'l Marine Terminals, Inc., 87 F.3d 755, 759 (5th Cir. 1996).  Day was hospitalized for four months and has since made a full recovery. Although her cancer may have been severe, its duration was short and its long-term impact minimal.  As such, the district court correctly determined that Day was not disabled because she could not establish a record of an impairment that substantially limited a major life activity.

Day next argues that the district court erred in finding that Earthgrains did not perceive her as disabled.  A person may be considered disabled for the purposes of the ADA if she is regarded as having an impairment that substantially limits a major life activity.  See 42 U.S.C. § 12102(2)(C).  Day contends that Earthgrains regarded her as disabled because: 1) when she told her supervisor that her doctor's thought she should work only eight hours a day, her supervisor told her that the employee that had been covering Day's position "would liked to have worked some eight hour days too"; 2) the decision to terminate Day was based upon a job performance evaluation that was completed during

5

her chemotherapy, when she was not performing at her peak; 3)after terminating Day, Earthgrains did not offer her a newly-created administrative assistant position; and 4) general evidence exists that employers perceive cancer patients as disabled.

Day's evidence fails to raise a fact issue as to whether Earthgrains regarded her as disabled.  None of her evidence points to the conclusion that Earthgrains regarded her as having an impairment that substantially limited a major life activity. In fact, in her deposition, Day testified that upon her return to work she was reinstated to her old position, drew the same salary, and had the same responsibilities.  Furthermore, Day admits that she witnessed no rude, inappropriate, or negative behavior directed towards her because of her cancer.

The statement made by Day's supervisor regarding Day's need to work eight-hour days fails to raise a fact issue as to whether Earthgrains regarded her as disabled.  While we "consider this comment in the light most favorable to [Day] ... we cannot do so in isolation."  Ellison v. Software Spectrum, Inc., 85 F.3d 187, 193 (5th Cir. 1996).  Day admits that she was emotional when her supervisor made the comment, and that she may have taken the comment very personally.  Furthermore, when viewed with Earthgrains' reinstatement of Day to her old position, the comment fails to indicate that the company regarded her as substantially limited.

Given the evidence presented by Earthgrains, none of Day's

6

evidence creates a genuine issue of material fact as to whether the company regarded her as disabled.  Rather, the evidence indicates that Earthgrains welcomed Day back to her old position after her bout with cancer, but due to her work habits and a nationwide RIF, Day was terminated.  The evidence simply does not indicate that Earthgrains regarded Day as substantially limited.

Because Day has failed to produce evidence generating a genuine issue of fact as to whether she has a record of an impairment that substantially limited a major life activity, or was regarded as having such an impairment, the district court did not err in granting Earthgrains' motion for summary judgment.  We AFFIRM.